1 | M. Ray Hartman III, Bar No. 211205
RHartman@perkinscoie.com
2 | Jacob L. Speckhard, Bar No. 325030
JSpeckhard@prekinscoie.com
3 | Melissa Harly Rose, Bar No. 316412
MRose@perkinscoie.com
4 | PERKINS COIE LLP
11452 El Camino Real, Suite 300
5 | San Diego, CA 92130-2594
Telephone: 858.720.5700
6 | Facsimile: 858.720.5799

7 | Attorneys for Defendants
Amazon.com, Inc. and Amazon.com Services LLC
8 |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| NATALIA VOYTOVA, AN INDIVIDUAL, | Case No. 2:23-cv-00271 |
|---|---|
| Plaintiff, | **DEFENDANTS AMAZON.COM, INC.'S AND AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |
| v. | |
| REEL HALO, LLC., AMAZON.COM, INC., and DOE 1-50 INCLUSIVE | [Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 22STCV04209] |
| Defendant | Complaint Filed: February 3, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") hereby remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332(a), 1441, and 1446(a).

///

-1-

## I. INTRODUCTION

1. The civil action being removed was initiated in the Superior Court of the State of California, County of Los Angeles. The matter was assigned Case No. 22STCV04209. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. This lawsuit involves personal injuries that Plaintiff Natalia Voytova claims were caused by an Ariella Mole and Corrector Skin Tag Remover product. (Compl., ¶ 21)

3. Plaintiff alleges three causes of action for negligence, strict products liability, and breach of the implied warranty of merchantability. (*See generally*, Compl.)

## II. THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff filed this action initially in federal court. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Complete Diversity Exists

5. The Complaint alleges that "[a]t all times herein, Plaintiff Natalia Voytova was a resident of the County of Los Angeles, State of California." (Compl. ¶ 1.) "[A] defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because 'a person's residence is prima facie evidence of domicile and citizenship.'" *Fjelstad v. Vitamin Shoppe Ind., LLC*, No. 2:20-CV-07323 ODW (AFMx), 2021 WL 364638 at *2 (C.D. Cal. Feb. 3, 2021), quoting *Lee v. BMW of N.A, LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *see also Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020)

(finding that the defendants' allegation of citizenship in the notice of removal based only on the plaintiff's statement of residence in the complaint is sufficient to establish diversity jurisdiction). Accordingly, on information and belief, Plaintiff is and was at the timing of the filing of the Complaint a citizen of California residing in Los Angeles County.[1]

5. All named defendants are business organizations. None of them are citizens of California:

    a. Defendant Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington.

    b. Defendant Amazon.com Services LLC is a Delaware limited liability company. For the purposes of diversity jurisdiction, limited liability companies are citizens of all states where each of their members is a citizen. *See Johnson v. Colombia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is incorporated under the laws of Delaware and its principal place of business is in Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington.

    c. Defendant Reel Halo, LLC ("Reel Halo") is a limited liability company. For the purposes of diversity, a limited liability

---

[1] A party may allege citizenship for diversity jurisdiction on information and belief if that information is not reasonably ascertainable by the party. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

company is a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Based on a search of the District of Columbia's Department of Licensing and Consumer Protection ("DLCP") website, an entity named Hatch Light LLC, an active LLC organized under the laws of the District of Columbia, is the sole member of Reel Halo. (Speckhard Decl, ¶ 4, Ex. 1.) A further search of the DCLP website indicates that Hatch Light LLC is comprised of a single member, an individual named Whansoo Lee with an address in Maryland. (Speckhard Decl, ¶ 5, Ex. 2). Accordingly, upon information and belief, Reel Halo is not a citizen of California for purposes of diversity jurisdiction.

6. The defendants identified as Does 1 through 50 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. To the best of Amazon's information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

7. Because Plaintiff is a citizen of California, Amazon.com, Inc. and Amazon.com Services LLC are citizens of Delaware and Washington, and Reel Halo is not a citizen of California, complete diversity of citizenship exists, and removal is proper.

**B.     The Amount in Controversy Exceeds $75,000**

8. Plaintiff does not assert a specific value for her claims on the face of the Complaint. But the Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

-4-

9. The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not assert a specific value in a complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id*. To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. 2012).

10. Here, Plaintiff filed an unlimited civil case seeking relief for personal injury and property damage under three distinct theories of liability: negligence, strict products liability, and breach of implied warranty. (*See generally,* Compl.).

11. The Complaint specifically alleges that the product "caused Plaintiff to sustain severe burns, resulting in permanent scars throughout Plaintiff's body." (Compl., ¶ 14.) Plaintiff further alleges she "was injured in her health, strength and activity sustaining injuries; to her body, shock and injuries to her nervous system," which have "caused and continue to cause [her] great mental, physical and nervous pain and suffering." (*Id*. at ¶ 15.) Plaintiff seeks general damages in an amount to be determined at trial, damages for loss of earnings and earning capacity, damages for the reasonable value of medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention drugs and sundries, interest on plaintiff's damages, and costs of suit. (*Id*. at p. 7.)

12. Given the number and type of liability theories alleged, the severity of the alleged injury, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000, and therefore meets the amount in controversy requirement. Thus, Amazon has satisfied its burden to establish that the amount in controversy exceeds $75,000.

13. The factual allegations regarding the amount in controversy made in

this pleading will be supported by affidavit or other evidence should the Court so request. *Singer*, 116 F.3d at 377.

14. The Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

15. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff is entitled to any damages.

### III. CONSENT TO REMOVAL

16. To the best of Amazon's knowledge, no other defendant has been served as of the date of this filing. The state court docket does not reflect any service on Reel Halo, the only named co-defendant. (*See* Speckhard Decl., ¶ 3.) Only defendants who have been "properly joined and served" must consent to removal. 28 U.S.C. § 1446(b)(2)(A). Because Reel Halo has not been served, its consent is not required.

### IV. THIS FILING IS TIMELY

17. Plaintiff served Amazon on December 16, 2022. Pursuant to 28 U.S.C. § 1446(b), Amazon filed this Notice of Removal within thirty (30) days after it was served. Removal of this action is therefore timely. *See* 28 U.S.C. § 1446(b).

### V. VENUE OF REMOVED ACTION

18. The Central District of California is the United States District Court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

### VI. NOTICE TO THE STATE COURT

19. A copy of this Notice of Removal is being served on all parties and filed with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed.

## VII. PLEADINGS IN THE STATE COURT ACTION

20. All process, pleadings, and orders served upon Amazon in this action are attached as Exhibits hereto:

    a. Exhibit A - Complaint;

    b. Exhibit B - Summons;

    c. Exhibit C - Amendment to Complaint;

    d. Exhibit D - Notice of Case Assignment;

    e. Exhibit E - Civil Case Cover Sheet;

    f. Exhibit F - Declaration of Non-Service;

    g. Exhibit G - Proof of Service of Summons; and

    h. Exhibit H - Los Angeles Superior Court docket.

## VIII. NON-WAIVER OF DEFENSES

21. Amazon expressly reserves all of it defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

22. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

///

///

///

WHEREFORE, defendants Amazon.com, Inc. and Amazon.com Services LLC hereby remove the above-entitled case to the United States District Court for the Central District of California and seeks resolution by this Court of all issues raised herein.

Dated: January 13, 2023

**PERKINS COIE LLP**

By: */s/ Jacob L. Speckhard*
M. Ray Hartman III, Bar No. 211205
RHartman@perkinscoie.com
Jacob L. Speckhard, Bar No. 325030
JSpeckhard@prekinscoie.com
Melissa Harly Rose, Bar No. 316412
MRose@perkinscoie.com

Counsel for Defendants
Amazon.com, Inc. and Amazon.com Services LLC