# EXHIBIT A

Katherine Lipel Esq. (Bar No. 190481)
Svetlana Liberman Esq. (Bar No. 318076)
Law Offices of Katherine Lipel
16001 Ventura Blvd., Suite 100
Encino, CA 91436
Tel: (818) 904-0100
Fax: (818) 904-9393
Email: info@lipellaw.com

Attorney for Plaintiff, Natalia Voytova

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| NATALIA VOYTOVA, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>REEL HALO, LLC., AMAZON.COM, INC., AND DOE 1-50 INCLUSIVE<br><br>Defendant | Case No.: 22STCV04209<br><br>COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY |

Comes now Plaintiff Natalia Voytova who complains and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff Natalia Voytova was a resident of the County of Los Angeles, State of California.

2. Defendant Reel Halo, LLC., (hereinafter referred to as "REEL") is a corporation or business entity authorized to do and doing business in the State of California and have regularly conducted business in, and have intentionally placed products in the stream of commerce whose destination have been and continue to be the City and County of Los Angeles and other cities and counties in the State of California. Plaintiff is informed and believes and thereon alleges that Defendants were engaged in the business of manufacturing and/or distributing products in the United States, and the State of California.

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 1

3. At all time relevant hereto, Defendant REEL, acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

4. Defendant Amazon.com, Inc. (hereinafter referred to as "AMAZON") is a corporation or business entity authorized to do and doing business in the State of California and have regularly conducted business in and have intentionally placed products in the stream of commerce whose destination have been and continue to be the City and County of Los Angeles and other cities and counties in the State of California. Plaintiff is informed and believes and thereon alleges that Defendants and each of them were engaged in the business of manufacturing and/or distributing products in the United States, and the State of California.

5. At all time relevant hereto, Defendant AMAZON, acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, repairing, maintaining, renting, leasing, testing, constructing, fabricating, analyzing, recommending, distributing, merchandising, advertising, modifying, warranting, promoting, selling and marketing to wholesalers, retailers and consumers, for consideration, that certain products known as Ariella Mole Corrector Skin Tag Remover.

7. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of its co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

8. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and each of them, and therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of court to amend this Complaint to allege the true names and capacities of said Defendants when ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible, in some actionable manner, for the events, circumstances and damages alleged herein.

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 2

9. The incident which forms the basis of this action occurred in the County of Los Angeles, State of California.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

10. Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 9 inclusive, and incorporates the same herein by reference as if set forth fully and completely at length.

11. At all times herein mentioned, Defendants, and each of them, variously had a duty to exercise reasonable care in the production, manufacture, distribution, inspection, assembly, testing and analyzing for the Ariella Mole Corrector Skin Tag Remover, and a duty to ensure that said product was properly maintained, free from defects, and would function in the manner in which it was intended without causing serious injury to a consumer or user.

12. At all times herein mentioned, Defendants and each of them, knew, or in the exercise of reasonable care should have known, that the Ariella Mole Corrector Skin Tag Remover was of such a nature that if it was not properly produced, manufactured, distributed, inspected, assembled, tested and analyzed for the uses and purposes for which it was intended, such was likely to result in serious injury to persons by whom they were used.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, so negligently and carelessly produced, manufactured, distributed, inspected, assembled, tested, analyzed, recommended, informed and supervised the consumer as to the correct and proper method for use, merchandised, advertised, and marketed the above-described products such that the same were defective and dangerous and unsafe for the uses and purpose for which they were intended.

14. On or around January 5, 2021, Plaintiff Natalia Voytova purchased the Ariella Mole Corrector Skin Tag Remover from Amazon.com, Inc. Thereafter, Plaintiff applied the Ariella Mole Corrector Skin Tag Remover in a reasonable and intended manner to a number of areas on

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 3

her body, pursuant to the directions. The Ariella Mole Corrector Skin Tag Remover caused Plaintiff to sustain severe burns, resulting in permanent scars throughout Plaintiff's body.

15. As a direct and proximate result of the negligence of these Defendants, and each of them, Plaintiff was injured in her health, strength and activity sustaining injuries to her body, shock and injuries to her nervous system, all of which said injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in permanent disability all to her general damage in an amount unknown to Plaintiff at this time, and according to proof at the time of trial.

16. As a further direct and proximate result of the negligence of these Defendants, and each of them, Plaintiff was compelled to and did employ the services of personnel, and plaintiff was compelled to and did incur other incidental expenses relative in care and treatment of said injuries. Plaintiff is informed and believes and thereon alleges that she will be compelled to seek further treatment in the future for the care of said injuries and will incur further reasonable bills for the same. Plaintiff will give proof of both past and future claimed expenses at the time of trial.

17. As a further, direct and proximate result of the negligence of Defendants, and each of them, Plaintiff did lose earnings and will lose earnings in the future, and will have a permanent loss of earning capacity, in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY
### (Against All Defendants)

18. Plaintiff realleges and incorporates by reference each and every allegation contained in Plaintiff's First Cause of Action as if set forth herein in its entirety.

19. Defendants, and each of them, produced, manufactured, distributed, inspected, assembled, tested and analyzed the Ariella Mole Corrector Skin Tag Remover, which were intended by said Defendants, and each of them, to be used for the purpose of applying the substance on a person's body by members of the general public, as well as for other purposes.

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 4

20. Defendants, and each of them, knew that Ariella Mole Corrector Skin Tag Remover would be used by Plaintiff for skin tag removal as indicated in the directions

21. On or after January 5, 2021, Plaintiff Natalia Voytova used the Ariella Mole Corrector Skin Tag Remover for the uses and purposes for which it was intended, and in a manner which was reasonably foreseeable by the Defendants. Said use involved a substantial danger not apparent to Plaintiff.

22. At the time Ariella Mole Corrector Skin Tag Remover was produced, manufactured, distributed, inspected, assembled, tested and analyzed, it was defective and unsafe for its intended purpose in that, among other things, the substance caused severe skin burns which would have been applied during normal and proper use. Plaintiff further believes and thereon alleges that no proper warnings were given to consumers regarding said defects.

23. On or after January 5, 2021, and while Ariella Mole Corrector Skin Tag Remover was being used in the manner intended, as a direct and proximate result of the aforesaid defects, the product caused severe burns, requiring immediate medical intervention, and causing, among other things, significant injuries to her body.

24. As a direct and proximate result of the defects in said product, Plaintiff was injured in her health, strength and activity sustaining injuries to her body, shock and injuries to her nervous system, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, noted herein above, all to Plaintiff's damages according to proof.

25. As a further direct and proximate result of said defects, Plaintiff incurred medical and related expenses and will incur additional expenses in the future, as noted herein above, according to proof.

26. As a further, direct and proximate result of said defects, Plaintiff lost earnings and will lose earnings in the future, and will have a permanent loss of earning capacity, in an amount according to proof at trial.

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 5

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against all Defendants)

27. Plaintiff realleges and incorporates by reference each and every allegation contained in Plaintiff's First and Second Cause of Action as if set forth herein in its entirety.

28. Defendants, and each of them, who are in the business of manufacturing, producing, distributing and selling the Ariella Mole Corrector Skin Tag Remover, by and through the manufacture, production, distribution and sale of the Ariella Mole Corrector Skin Tag Remover, impliedly warranted to the public generally, and to the Plaintiff specifically, that the product was fit for the purposes for which it was intended. Plaintiff made use of the product as alleged herein and relied on the implied warranties. Contrary thereto, Defendants knew that the product was dangerous and defective and not fit for its intended use. Defendants breached the implied warranties of the product as alleged above, as the harmful and defective condition alleged above would not reasonably be expected by the average consumer, and Plaintiff specifically.

29. Defendant's breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous, and a proximate cause of the injuries suffered by the Plaintiff as hereinafter alleged.

30. As a proximate result of the said breaches of Defendants, and each of them, as herein above alleged, Plaintiff has incurred damages for medical expenses and other damages in an amount according to proof at trial and will incur future medical expenses according to proof. As a further, direct and proximate result of the said breaches of Defendants, and each of them, Plaintiff has lost earnings and will lose earnings in the future, in an amount according to proof at trial.

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 6

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages in an amount to be determined by proof at trial;

2. For such loss of earnings and earning capacity according to proof;

3. For reasonable value of such medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention and drugs and sundries, according to proof;

4. For interest on plaintiff's damages as allowed by law;

5. For costs of suit incurred herein; and,

6. For such other and further relief as the Court may deem just and proper.

Dated: February 2, 2022              LAW OFFICES OF KATHERINE LIPEL

                                     By: _____
                                         Katherine Lipel
                                         Svetlana Liberman
                                         Attorneys for Plaintiff, Natalia Voytova

### REQUEST FOR JURY TRIAL

Plaintiff request a trial by jury on all claims for relief alleged herein and on all issues raised in this Complaint.

Dated: February 2, 2022              LAW OFFICES OF KATHERINE LIPEL

                                     By: _____
                                         Katherine Lipel
                                         Svetlana Liberman
                                         Attorneys for Plaintiff, Natalia Voytova

COMPLAINT FOR DAMAGES BASED ON:(1) NEGLIGENCE (2) STRICT PRODUCT LIABILITY - 7